UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES RENFRO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:11-860 |
| ) | Judge Sharp |
| SONYA TROUTT, et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER

Magistrate Judge Bryant has issued a Report and Recommendation which recommends denial of Defendant's Motion to Dismiss. He explained:

> Given the liberal standards with which the Court is obligated to regard pro se litigants, the undersigned Magistrate Judge recommends that [Defendants'] motion to dismiss for lack of prosecution be DENIED without prejudice to file a similar motion later, and that the trial of this case be reset on a future date available on the Court's trial docket.

(Docket No. 103 at 1).

Defendants have filed an 8-page Objection (Docket No. 107). The upshot of their Objection is that the deference given a litigant's *pro se* status does not extend to excusing that litigant's repeated failure to comply with filing dates, that part of the reason for Plaintiffs failure to comply with deadlines was his own failure to keep the Court informed of his present address, and that affording Plaintiff "one more chance . . . will cause great prejudice and costs to the Defendants." (Id. at 7).

Defendants analogize this case to Pilgrim v. Littlefield, 92 F.3d 413 (6th Cir. 1996), and quote the following language:

1

> Although plaintiffs stress that they are proceeding pro se, the more 'liberal' pleading standard applicable to pro se litigants does not help their cause. While courts must apply 'less stringent standards' in determining whether *pro se* pleadings state a claim for which relief can be granted, *pro se* plaintiffs are not automatically entitled to take every case to trial. As this court has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant.

Pilgrim, 92 F.3d at 416. However, neither that language, nor anything else in Pilgrim, mandates dismissal when a *pro se* litigant fails to comply with deadlines; the most that can be said is that dismissal might not be an abuse of discretion.

When determining whether dismissal for failure to prosecute is appropriate, courts consider such factors as "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 736 (6th Cir. 2008). Generally, "'none of these factors is outcome determinative[.]'" Id.

Assuming for the sake of argument that (1) Plaintiff's failure to supply his witness and exhibit lists and attend the final pretrial conference was willful or in bad faith (notwithstanding the possible confusion which may have existed when the trial date was reset on several occasions due to the congestion of the Court's docket); (2) Plaintiff has failed to keep the Court apprised of his present address (notwithstanding the fact that the docket reflects several change of addresses for him); and (3) Defendants will be prejudiced (notwithstanding the fact that the preparations they made for the last scheduled trial date should be easily transferred to a new trial date), it is not apparent from this Court's review of the docket that Plaintiff was clearly warned that his failure to submit his exhibit and witness lists and cooperate in the pretrial preparation process could result in

2

dismissal. Instead, he was repeatedly "advised that no exhibits or witnesses will be allowed at trial other than those presented at the pretrial conference." (Docket No. 51 at 2 &Docket No. 78 at 2).[1]

In any event "[t]he dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." Tung–Hsiung Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005). The Court, after *de novo* review, does not find Plaintiff's action (or inactions) up to this point to rise to a level warranting dismissal.

Accordingly, the Court rules as follows:

(1) The Report and Recommendation (Docket No. 103) is hereby ACCEPTED and APPROVED and Defendants' Objections thereto (Docket No. 107) are hereby OVERRULED; and

(2) Defendants' Motion to Dismiss for Failure to Prosecute (Docket No. 97) is hereby DENIED.

By separate Order, the Court will reset this case for trial. Plaintiff is hereby WARNED that any failure to comply with this Court's Orders or failure to inform the Court of any change in address will result in this case being dismissed with prejudice.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

---

[1] An earlier Order (Docket No. 64) that stated "failure to appear for [the pretrial conference] may lead to a recommendation to the District Judge that this action be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure" was later vacated (Docket No. 78).